# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53431-2-II |
| Respondent, | |
| v. | |
| JACOB IVAN SCHMITT, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Jacob I. Schmitt appeals the trial court's order finding that the State did not breach the plea agreement.  Although Schmitt's motion was treated as a CrR 7.8 motion to withdraw his guilty plea, the trial court failed to comply with the procedural requirements of CrR 7.8(c)(2), requiring a determination as to whether the motion was time barred, and if so, requiring transfer to this court as a personal restraint petition (PRP).  Accordingly, we reverse the trial court's order finding that the State did not breach the plea agreement and remand to the trial court to comply with the requirements of CrR 7.8(c)(2).

## FACTS

In 2014, Schmitt pleaded guilty with a plea agreement to two counts of first degree theft and one count of second degree burglary.

After being convicted, Schmitt filed an appeal and multiple PRPs.  Schmitt filed an appeal and contemporaneous PRP, which were consolidated into Case No. 46773-9-II.[1]  The mandate for

---

[1] *State v. Schmitt*, No. 46773-9-II (Wash. Ct. App. Nov. 23, 2016) (part-published),
http://www.courts.wa.gov/opinions/pdf/D2%2046773-9-II%20Published%20Opinion.pdf

the consolidated appeal and PRP was entered on May 12, 2017.[2]  Schmitt then filed a second PRP, Case No. 52511-9-II.[3]

On January 8, 2019, Schmitt moved for a stay of his PRP pending the outcome of a hearing on his motion for breach of the plea agreement by the State.  Mot. for Stay of PRP (No. 52511-9-II, Jan. 8, 2019) at 1.  In the motion, Schmitt stated, "If Schmitt prevails, he will withdraw his guilty plea, thereby rendering the petition before this court moot."  Mot. for Stay of PRP (No. 52511-9-II, Jan. 8, 2019) at 3.  A commissioner of this court stayed the PRP and later ruled that it would remain stayed until the trial court's order on Schmitt's motion was final.[4]  Public Ruling (No 52511-9-II, Apr. 18, 2019) at 1.

On February 13, 2019, Schmitt filed a motion to declare a breach of plea hearing with the trial court, arguing that the State breached the plea agreement and requesting a hearing before the court to present evidence.  Schmitt did not request any remedy in his motion other than a hearing to determine if the State breached the plea agreement.

In its response brief, the State treated Schmitt's motion to declare a breach of plea as if it was a CrR 7.8 motion to withdraw the plea.  Some of the language used by the State includes:

> [T]he State . . . submits this memorandum respectfully requesting the Court to deny the *defendant's motion to withdraw his plea of guilty* based on an alleged plea breach by the State.
>
> . . . .
>
> . . . Is defendant entitled to *withdraw his plea* when the State responded to his petition and asked the Court of Appeals to uphold its prior holding in the case?

---

[2] *Mandate*, No. 46773-9-II, (May 12, 2017).

[3] *Personal Restraint Petition*, No. 52511-9-II, (May 9, 2018).

[4] The current appeal is appealing the trial court's order on Schmitt's motion to declare a breach of plea; therefore, PRP Case No. 52511-9-II is stayed until this appeal is decided and the trial court's order is final.

No. 53431-2-II

. . . .

. . . [D]efendant has failed to show how the State breached the agreement or how he has suffered a manifest injustice requiring *withdrawal of his guilty plea*.

. . . .

. . . As such, defendant cannot show the State has breached its plea agreement or that he has suffered a manifest injustice. This Court should *deny his motion to withdraw his plea*.

Clerk's Papers at 29-33 (emphasis added).

At the trial court hearing on March 22, 2019, Schmitt, the State, and the Court treated the hearing as if it was a CrR 7.8 hearing on a motion to withdraw a plea of guilty. First, Schmitt argued:

And so what we're arguing essentially is that there has been a breach. Perhaps in some ways this agreement was bound to fail, but *by determining a breach, you release the parties from its* (sic) *previous obligations*. . . . [W]e would ask the Court to find a breach today.

Verbatim Report of Proceedings (VRP) (Mar. 22, 2019) at 11 (emphasis added). Then, the State argued it did not breach the plea agreement. In its oral ruling, the trial court stated:

So under no circumstances do I believe that [the State] breached any agreement. . . . And therefore[,] I respectfully *deny the request to vacate the plea of guilty*.

VRP (Mar. 22, 2019) at 16. In its written order, the trial court only found that the State did not breach the plea agreement.

Schmitt appeals.

ANALYSIS

Schmitt appeals the trial court's finding that the State did not breach the conditions of his plea agreement. However, the trial court, having treated Schmitt's motion as a motion to withdraw

3

his plea, which is governed by CrR 7.8, did not follow the procedure set forth in CrR 7.8(c) for handling such motions.

> CrR 4.2(f) governs withdrawing a plea of guilty, and states:
>
> The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. . . . If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8.

Under CrR 7.8(b) the motion is subject to the time limits governing collateral attack on judgments. And CrR 7.8(c)(2) specifically provides,

> The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Therefore, the trial court was required to transfer a CrR 7.8 motion to this court for consideration as a PRP unless the trial court found that the motion was not time barred and Schmitt had made a substantial showing that he was entitled to relief or Schmitt's motion required a factual hearing.

Here, all parties involved, including the trial court, treated Schmitt's motion to declare a breach of plea as if it was a CrR 7.8 motion to withdraw his guilty plea. However, the trial court failed to comply with the procedural requirements of CrR 7.8(c)(2). The trial court did not determine whether the motion was time barred. And, if the trial court did determine the motion was time barred, it should have transferred the motion to this court for consideration as a PRP. Accordingly, we reverse the trial court's order finding that the State did not breach the plea agreement and remand to the trial court to comply with the procedural requirements of CrR 7.8(c)(2).

No. 53431-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Glasgow, J

Cruser, J.